## FOREIGN EVICTIONS.

Circuit Court of Morgan County.

P. SMITH SONS' LUMBER CO. v. KENNARD ET AL.

Decided, April 22, 1908.

*Liability of Sheriff—For Failure to Index Foreign Execution Docket Attaches, When—Non-feasance—Amercement—Plain Language of a Statute Must be Followed, Irrespective of Results or Intention of the Legislature—Sections 1212 and 5596.*

A judgment creditor can not maintain an action against a sheriff for failure to execute a foreign writ of execution, or for failure to index his foreign execution docket, or to do other things enumerated in Section 1212, Revised Statutes, unless such judgment creditor has made a deposit of the sheriff's fees with the clerk issuing the writ, as required by Section 5596.

*Ivers & Danford* and *Kibler & Montgomery,* for plaintiff.
*Weber & Fouts,* contra.

CRAINE, J.; TAGGART, J., and DONAHUE, J., concur.

Error to Morgan Common Pleas Court.

The P. Smith Sons' Lumber Co. filed an amended petition in the Court of Comon Pleas of Morgan County, in which it alleged, in substance, that the plaintiff was a corporation under the laws of Ohio; that R. A. Kennard was the sheriff of Morgan county, Ohio, and that the other defendants (L. S. Holcomb, J. L. Bailey and G. B. Dougan) were his bondsmen as such sheriff; that at the September term, 1905, of the Court of Common Pleas of Licking County, Ohio, plaintiff recovered a judgment against L. H. Campbell and Dollie Campbell in the sum of $162.97, with interest thereon at 8 per cent. from September 21, 1905, and for costs of suit; that on November 16, 1905, an execution was issued by the clerk of Licking county to the sheriff of that county, which execution was returned unsatisfied for want of property whereon to levy; that on December 18, 1905, the plaintiff had a foreign execution issued by the

clerk of the Court of Common Pleas of Licking County, directed to the defendant, R. A. Kennard, as sheriff of Morgan county; that on December 21, 1905, the sheriff of Morgan county received the writ and entered upon his foreign execution docket the time when said writ was received by him, from what county it issued and the amount of the judgment, and that said sheriff of Morgan county, then, for want of goods and chattels whereon to levy, levied on certain real estate of said L. H. Campbell and Dollie Campbell, situated in Morgan county, Ohio, being of the value of $1,500, and that after making such levy, said sheriff entered in his foreign execution docket, a full description of the real estate levied upon, and entered said description, in full, upon said writ and also copied in said execution docket as shown by said writ, and indorsed his fees on said writ in the sum of $1.50; but said sheriff then and ever afterward omitted, neglected, and failed to make any indexing of said acts, either direct or reverse, on his execution docket, and that he neglected, failed and omitted to enter on said foreign execution docket the court from which said execution issued, and failed to enter in said execution docket the date of the execution and the date of the judgment, contrary to Section 1212, Revised Statutes; that on February 16, 1906, said execution was by the direction of plaintiff, through its attorney, duly returned to the Court of Common Pleas of Licking County; that at the time of the issuing of said writ and the levy of the same upon said real estate, L. H. Campbell and Dollie Campbell were the owners in fee simple of the same, and that they continued to be such owners until June 26, 1906, at which last named date they sold said real estate to Harriet W. Glass; that Harriet W. Glass at the time of the purchase of said real estate was ignorant of any levy having been made by said sheriff and that she, being a *bona fide* purchaser, took said real estate free from said levy. Plaintiff further avers that by the failure of the sheriff of Morgan county to do the things omitted by him, as aforesaid, it was damaged in the sum of $162.97 together with interest at 8 per cent. from September 21, 1905, together with costs, and asks

judgment against the defendant for the amount that it was so damaged.

R. A. Kennard, the sheriff, filed an answer in which he sets up three defenses to the amended petition. The first of which was a denial of many things set forth in the amended petition. The second defense alleged in substance, that the real estate levied upon was only worth the sum of $1,000 and was covered by a mortgage to the extent of $800, and that L. H. Campbell and Dollie Campbell were entitled to the difference between the value of said property and the mortgage upon the same, as an exemption. The third defense and the only one which need be considered in this case, reads as follows:

"The defendant, R. A. Kennard, for a third defense herein says: that said execution so issued from said Court of Common Pleas of Licking County, Ohio, had indorsed thereon in substance—'Fees deposited for service of this writ'; that said plaintiff caused and procured said indorsement to be made by the clerk of said last named court for the purpose of causing this defendant to believe that funds were then on deposit in said court to pay his fees on said writ; that in fact no funds had been deposited with said clerk to pay said fees, as plaintiff then well knew, and this defendant never received any fees for the execution of said writ and the making of said levy; that plaintiff so caused and procured said false indorsement to be made on said writ for the purpose of deceiving this defendant and thereby causing this defendant to accept and undertake the due execution of said writ; and this defendant, believing and relying upon said indorsement being true, and that funds had been so deposited, accepted said writ and levied the same upon said lands, which, had it not been for said false indorsement, he would not have done."

The plaintiff filed a reply to the second and third defenses of the answer. The reply to the third defense reading as follows:

"Plaintiff admits that said execution so issued from said Court of Common Pleas of Licking County, Ohio, had indorsed thereon in substance, 'Fees deposited for service of this writ,' and admits that no funds had been deposited with said clerk to

pay said fees; but avers that said fees were deposited in the office of the clerk of courts of said Licking county for him, and before this action was commenced. Plaintiff admits that said defendant accepted said writ and levied the same upon said lands, and plaintiff denies each and every allegation in said defenses contained, not herein expressly admitted to be true.''

A demurrer was filed to the reply and sustained, and the plaintiff, not desiring to amend, judgment was rendered for the defendant, and error was prosecuted by plaintiff to this court, asking this court to reverse the judgment of the court of common pleas.

Section 5594, Revised Statutes, prescribes the duties of a sheriff and provide that upon his failure to perform said duties, the court shall amerce him. Section 5596, Revised Statutes, reads as follows:

''If an officer fail to execute any summons, order, execution, or other process, directed to him, or to return the same, as required by law, unless he make it appear, to the satisfaction of the court, that he was prevented by unavoidable accident from so doing, he shall be amerced, upon motion and notice, as provided in Section 5594, in a sum not exceeding one thousand dollars, and be liable to the action of any person aggrieved by such failure; but he shall not be liable to an action or amercement for a failure to execute any such process directed to him from any county other than that in which he was elected, unless his fees are deposited with the clerk who issued the process, and an indorsement of that fact is made and subscribed by such clerk on the process, at the time of its issue, in these words: 'Funds are deposited to pay the sheriff on this process.' ''

It will be observed by this statute that before a sheriff will be liable to an action by a judgment creditor on a foreign execution, there must be: first, a deposit by the judgment creditor of the fees with the clerk who issued the execution; second, the clerk must indorse on the writ, the fact that the fees have been deposited in the following words: ''Funds are deposited to pay the sheriff on this process.''

The right of a judgment creditor to have a foreign execution issued and the duty of a sheriff to execute such writ is a

pure matter of statutory law, and the Legislature in granting such right to a judgment creditor had a right to provide on what conditions the sheriff in the foreign county should be liable for failure to execute such writ. If the judgment creditor desires to avail himself of the right to hold the sheriff liable for non-performance of duty, he must make the deposit of the necessary fees with the clerk issuing the writ. It is his duty to act first, in making the deposit, and he can not consistently complain of the sheriff for the non-performance of his duties, when he himself has failed to observe the law on the same subject. We think that under the statute the deposit of the necessary fees by the judgment creditor was a condition precedent to his right to hold the sheriff for his failure to execute the writ.

It is claimed by the plaintiff, however, that the fees were deposited in the office of the clerk of court of Licking county before this action was commenced, and hence the sheriff had been made secure as to his fees. This, however, in our judgment, does not satisfy the statute. In *Duncan* v. *Drakeley,* 10 Ohio, 45, a writ had been issued to the sheriff of another county, without the indorsement required by the statute. The sheriff refused to execute the writ, notwithstanding the fact that the judgment creditor tendered to the sheriff an amount more than was sufficient to satisfy all fees, yet the court refused to amerce the sheriff and the case having been carried to the Supreme Court, it was held:

"A sheriff can not be amerced for not executing a *capias ad satisfaciendum* from another county, unless such an indorsement ('funds deposited'), be made on the writ, and tender of his fees can not be substituted in the place of such indorsement."

It is true that in the case just mentioned, a motion had been made to amerce the sheriff and an amercement is a pecuniary penalty imposed by the court upon an officer for non-performance of his duty. In that case, however, the sheriff pled the statute as a defense and the courts construed the statute according to the letter. Where the language of a statute is plain, courts must follow it, irrespective of the results or intention of

the Legislature. In *Woodbury* v. *Berry*, 18 Ohio St., 456, a case of an attempted amercement, the first paragraph of the syllabus reads as follows:

"Where the words of a statute are plain, explicit and unequivocal, a court is not warranted in departing from their obvious meaning, although from considerations arising outside of the language of the statute it may be convinced that the Legislature intended to enact something different from what it did in fact enact."

In *Slingluff* v. *Weaver*, 66 Ohio St., 621, a part of the syllabus reads as follows:

"But the intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

And again:

"The language of the act of May 12, 1902, entitled, 'An act to amend Section 6710 of the Revised Statutes,' is plain and free from doubt, and effect must be given to its clear import without regard to the consequences which may result."

The statute in question having expressly stated that the sheriff should not be liable, except on certain conditions, and the plaintiff having admitted that those conditions had not been complied with, there could be no liability without violating the very letter and spirit of the statute.

Counsel for plaintiff contend that although the sheriff was not required to execute this writ without the fees being first deposited, yet if he undertook to execute the writ and did it negligently, he would be liable; that is to say, that if he undertook to execute the writ without the fees having been deposited, he must do everything required by Section 1212, Revised Statutes,

and if he failed and the plaintiff was damaged, a recovery might be had against him. If the sheriff of Morgan county was liable to the plaintiff, it must be by reason of some duty the sheriff owed the plaintiff, and our opinion is that the sheriff owed the plaintiff no duty from the fact that the plaintiff had failed to do the thing which would have created the duty, viz., the deposit of the necessary funds with the clerk. If the sheriff was under no obligation to take *any* steps or do *anything* in the way of executing this writ, he certainly would not be liable for a failure to do *some* of the things required by statute. If he was under no obligation to execute the writ, we think it clear that he could not be liable for executing the writ defectively, or putting it in other words, if he was not required to do any of the things enumerated in Section 1212, Revised Statutes, he could not be liable for omitting to do *some* of them. We think the court of common pleas was right in sustaining the demurrer to the reply of the plaintiff to the third defense of the answer, and the judgment of the court of common pleas will be affirmed.